# Holland & Knight

900 Third Avenue 20th Floor | New York, NY 10022 | T 212.751.3001 | F 212.751.3113
Holland & Knight LLP | www.hklaw.com

David V. Mignardi
212.751.3171
david.mignardi@hklaw.com

January 18, 2023

**VIA ECF:**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel P. Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: *Wells Fargo Bank, N.A., as Trustee, etc. v. Prince 26, LLC, et al*;
Case No. 1:22-cv-05586-PAE

Dear Judge Wang:

Counsel for plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of the Holders of CD 2018-CD7, Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2018-CD7 ("Plaintiff"), acting by and through its special servicer, Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2018, and defendants Prince 26, LLC, 29 Prince Street Associates LLC and 137 Thompson Street LLC (collectively, "Borrowers"), Edmond Li and Jennifer Li (together, "Guarantors" and, together with Borrowers, "Answering Defendants") submit this letter, in accordance with Your Honor's Order dated December 22, 2022 (the "Order") (see ECF No. 49) to advise the Court as to the status of settlement.

Plaintiff's Position:

As Your Honor may recall, during the December 22, 2022 settlement conference, the Parties made little progress towards an actual settlement as Answering Defendants were unable to broach any realistic offer in this economic climate. While the Parties indicated they would keep the lines of communication open, it was not until the Parties conferred, on a January 13, 2022 teleconference, over three weeks after the settlement conference, that Answering Defendants came to Plaintiff with a proposal. During the call, Answering Defendants' counsel laid out a very basic framework, without any high level detail on the financial figures involved, of a proposed settlement structure that Answering Defendants envision. However, during that very same teleconference, Plaintiff's counsel pointed Answering Defendants' counsel to the pertinent provision of the loan documents for the loan at issue in this action and informed them that their proposed structure seems unfeasible because the subject loan documents do not allow it. Nevertheless, we discussed the proposal with Plaintiff and, today, three business days after the Parties' January 13, 2023 teleconference, apprised Answering Defendants' counsel that Plaintiff is not amenable to proceeding with the settlement structure they previously proposed. While the

Honorable Ona T. Wang, U.S.M.J.
January 18, 2023
Page 2

subject loan has been in default for years, to date, Answering Defendants have still yet to table a firm, feasible settlement proposal. For this reason, and although Plaintiff remains amenable to continuing a dialogue with Answering Defendants, it seeks to continue prosecution of this action and respectfully submits that this action should not be derailed any further.

Answering Defendants' Position:

Subsequent to the December 22, 2022 settlement conference, the Answering Defendants attempted to engage Plaintiff in settlement discussions. The three weeks following the settlement conference encompassed the Christmas and New Years' Day holidays, but after receiving our client's authorization to make a proposal, we called plaintiff's counsel on January 9, 2023, who did not respond to our calls until January 11. After further efforts on our part, we were able to arrange a telephone conference on Friday, January 13, 2023, at which time the Answering Defendants made a settlement proposal consistent with the framework suggested by the Court during the December 22, 2022 settlement conference, which we understood to be a framework suggested by Plaintiff. At that time, counsel appeared amenable to the Answering Defendants' proposal but advised that they would discuss the matter with their client. The Answering Defendants were accordingly surprised to learn only this afternoon that Plaintiff "is not amenable to proceeding with the settlement structure proposed by the Answering Defendants because the express terms of the subject loan documents do not permit the proposed resolution." We have not been advised of the specific terms of the loan documents that purportedly do not permit the proposed resolution, but note that the terms of the loan documents can obviously be amended by agreement of the parties. Plaintiff's position is apparently that any settlement requiring plaintiff to compromise or modify any of the terms of the loan is unworkable. We would appreciate a further telephone conference with the Court to discuss the matter and gain some understanding of Plaintiff's position and the terms (if any) on which Plaintiff would be amenable to continuing the dialogue.

The parties respectfully thank the Court for its consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| **HOLLAND & KNIGHT LLP** | **WARSHAW BURSTEIN, LLP** |
| By: */s/ David V. Mignardi* | By: */s/ Robert Fryd* |
|     Keith M. Brandofino, Esq. |     Robert Fryd, Esq. |
|     David V. Mignardi, Esq. |     Grant R. Cornehls, Esq. |
|     Baron C. Giddings, Esq. | |
| *Attorneys for Plaintiff* | *Attorneys for Answering Defendants* |

#183662879_v3 527548.00060