UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2018-CD7, MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-CD7,

Plaintiff,

-v-

PRINCE 26, LLC *et al.*,

Defendants.

22 Civ. 5586 (PAE) (OTW)

ORDER

PAUL A. ENGELMAYER, District Judge:

On July 1, 2025, the Court adopted the Report and Recommendation (the "Report") of the Honorable Ona T. Wang, United States Magistrate Judge, which calculated the amount of the judgment of foreclosure due to plaintiff. Dkt. 100 ("Opinion"). The Court directed the parties to file letters as to proposed next steps in the case, which they did. Dkts. 101-1 ("Proposed Judgment"), 104 ("Defs. Ltr."), 106 ("Pl. Resp.").

The Court finds that the proposed judgment filed by plaintiff is consistent with the Opinion. Defendants' objections to the contrary are unavailing.

First, defendants argue that the proposed judgment "provides for several additional items that were not authorized by the Opinion." Defs. Ltr. at 1–2. Defendants take issue with the provision that permits plaintiff to assert claims in a subsequent proceeding or action "for additional amounts Plaintiff alleges are due and owing under the subject loan documents, including, without limitation, accrued and unpaid interest from December 2, 2023 and thereafter as well as a liquidation fee, calculated as 1% of the sum of the subject loan's principal balance, accumulated interest, property protective advances, special servicing fees, Yield Maintenance

Premium, and any additional attorneys' costs and fees." *Id.* at 2 (quoting Proposed Judgment at 3). The Opinion, however, granted plaintiff "leave to make an additional application for damages, *including* additional interest, any liquidation fee, and any additional attorneys' costs and fees after completing the anticipated foreclosure sale." Opinion at 10 (emphasis added). As this decretal language reflects, that list was not exclusive as to the categories of damages that plaintiff could seek to recover. It is thus consistent with the Opinion that the proposed judgment authorizes plaintiff to assert claims for additional amounts such as special servicing fees, a yield maintenance premium, or property protective advances. That the Report, which the Opinion adopted in its entirety, found "other property protective advances" not to be supported by plaintiff's documentation, Dkt. 94 at 9–11, does not constitute a finding that such can never be recovered by plaintiff.

Second, defendants' objection to the "open-ended" nature of the judgment fails, for the reasons stated in plaintiff's response. *See* Pl. Resp. at 2. "The equity of redemption . . . allows property owners to redeem their property by tendering the *full sum* at any point before the property is actually sold at a foreclosure sale." *NYCTL 1999-1 Tr. v. 573 Jackson Ave. Realty Corp.*, 13 N.Y.3d 573, 579 (2009) (emphasis added). Accordingly, the amount to redeem the mortgage was not fixed by the Opinion, because the amounts due and owing on defendants' loan continue to accrue.

Third, defendants' request that the Court refer this matter for alternative dispute resolution is a nonstarter. The Opinion calculated the judgment of foreclosure. The Court's direction to the parties to file letters as to next steps in this case was not an invitation to reopen matters that have been extensively litigated and resolved.

By separate order today, the Court enters plaintiff's proposed judgment.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 5, 2026
New York, New York