UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2018-CD7, MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-CD7, acting by and through its special servicer, Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2018,<br><br>Plaintiff,<br><br>v. | Civil Action File No.<br>22-cv-05586 (PAE) (OTW) |
| PRINCE 26, LLC; 29 PRINCE STREET ASSOCIATES LLC; 137 THOMPSON STREET LLC; EDMOND LI; JENNIFER LI; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS; and "JOHN DOE NO. 1" TO "JOHN DOE NO. 100" inclusive, the last one hundred names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>Defendants. | **ORDER & JUDGMENT** |

**THIS MATTER** is before the Court on application by plaintiff Wells Fargo Bank, National Association, As Trustee, for the Benefit of the Holders of CD 2018-CD7, Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2018-CD7, acting by and through its special servicer, Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2018 ("the PSA") for an Order entering a Final Judgment of Foreclosure pursuant to Rule 54 of the Federal Rule of Civil Procedure ("FRCP") in favor of Plaintiff and against, inter alia, defendants Prince 26, LLC, 29 Prince Street Associates LLC and 137 Thompson Street LLC (collectively, "Borrowers") and permitting Plaintiff to foreclose its

mortgage lien encumbering the real property that is the subject of this action and as more fully described in the applicable mortgage instrument, and granting such other and further relief that the Court deems just and proper. Upon review of that certain Opinion and Order, dated and filed herein on August 10, 2023 (see ECF No. 68), by which this Court, inter alia, granted summary judgment in favor of Plaintiff on the Counts I, II, and III of the Complaint dated and filed herein on June 30, 2022 (the "Complaint", see ECF No. 1), that certain Opinion and Order, dated and filed herein on July 1, 2026 (see ECF No. 100), by which this Court, inter alia, adopted the Report & Recommendation to the Honorable Paul A. Engelmayer, dated and filed herein on April 28, 2026 (see ECF No. 94), that certain Order, dated and filed herein on November 19, 2026 (see ECF No. 122), by which this Court, inter alia, vacated the Order & Judgment entered on August 5, 2026 pursuant to FRCP 60(b)(1) and (4) (see ECF No. 108), and directed Plaintiff to submit a proposed judgment of foreclosure and sale, together with documentation establishing compliance with RPAPL§ 1331 (see ECF No. 118-9), and for good cause shown, it is:

**ORDERED, ADJUDGED AND DECREED,** that Plaintiff is hereby granted final judgment as to the Counts I, II, and III of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the amount due to Plaintiff under the loan documents that are the subject of this action as of December 1, 2023, is **$46,677,820.90** (the "Foreclosure Judgment Amount"), calculated as follows:

| | |
|---|---|
| Principal Balance<br><br>Accumulated Interest at Non-Default Rate calculated beginning on March 1, 2021, through and including December 1, 2023 @ 5.2030%<br><br>Accumulated Interest at Default Rate calculated beginning on April 1, 2021, through January 1, 2024 | $32,000,000.00<br><br>$4,648,013.33<br><br>$6,864,724.26 |
| Late Payment Charges | $270,068.40 |

| | |
|---|---|
| Special Servicing Fees | $212,222.22 |
| Property Protective Advances<br>Tax Advances<br>Insurance Advances<br><br>Yield Maintenance Premium | <br>$1,324,035.88<br>$106,656.16<br><br>$1,130,971.09 |
| Attorneys' Fees and Costs<br>Fees<br>Costs | <br>$118,616.50<br>$2,513.06 |
| **TOTAL AMOUNT DUE AS OF December 1, 2023** | **$46,677,820.90** |

and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Foreclosure Judgment Amount so awarded herein shall be without prejudice to Plaintiff asserting claims in any subsequent proceeding or action, including, without limitation, seeking a deficiency claim against Borrowers and/or defendants Edmond Li and Jennifer Li for additional amounts Plaintiff alleges are due and owing under the subject loan documents, including, without limitation, accrued and unpaid interest from December 2, 2023 and thereafter as well as a liquidation fee, calculated as 1% of the sum of the subject loan's principal balance, accumulated interest, property protective advances, special servicing fees, Yield Maintenance Premium, and any additional attorneys' costs and fees; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the certain real property and improvements thereon located at (i) 26 Prince Street, New York, New York 10012 and designated as Block 493, Lot 15 as shown on the Tax Map of the City of New York, County of New York, (ii) 29 Prince Street, New York, New York 10012 and designated as Block 508, Lot 52 as shown on the Tax Map of the City of New York, County of New York, and (iii) 137 Thompson Street,

New York, New York 10012 and designated as Block 517, Lot 31 as shown on the Tax Map of the City of New York, County of New York, and as more particularly described in Exhibit A annexed hereto and made a part hereof (collectively, the "Mortgaged Premises"), or such part thereof as may be sufficient to discharge the mortgage debt, and the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("RPAPL"), be sold in one parcel at public auction at the front steps of 26 Prince Street, New York, New York 10012 pursuant to the terms thereof, by and under the direction of Stephen F. Ellman, Esq., (the "Referee") of Zeichner Ellman & Krause LLP, 730 Third Avenue, New York, New York 10017, telephone no. (212) 826-5303 (and with the assistance of Matthew Mannion from Mannion Auctions, LLC as Auctioneer, located at 299 Broadway, Suite 1601, New York, New York 10007, telephone no. (212) 267-6698), who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale in accordance with RPAPL § 231 and the law and practice of this Court in *The Wall Street Journal* and that Plaintiff or any other parties to this action may become the purchaser(s) at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent (10%) of the sum bid and shall execute the Terms of Sale for the purchase of the premises, unless Plaintiff becomes the purchaser at said sale, Plaintiff shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute

the Terms of Sale immediately following the bidding upon the Mortgaged Premises, the Mortgaged Premises shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee or at such location as the Referee shall determine within forty-five (45) days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction, except if Plaintiff is the successful bidder, in which case Plaintiff may assign its bid and title may be transferred to its assignees. Any delay or adjournment of the closing beyond forty-five (45) days may be stipulated among the parties, with the Referee's Consent, up to ninety (90) days from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee deposit all funds received pursuant to this Order in his/her own name as Referee in an account maintained at an FDIC-insured bank of the Referee's choice within the Southern District of New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST:** To the Referee, a sum not to exceed $5,000.00 for his fees for fulfilling all of his duties delineated herein.

**SECOND:** Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates, and any charges placed upon the Mortgaged Premises by a city agency which have priority over the foreclosed mortgaged, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**THIRD:** To Plaintiff or the Referee, as appropriate, the expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

**FOURTH:** To Plaintiff, the sum of **$46,677,820.90**, said amount reported due to Plaintiff as aforesaid, together with interest thereon from December 1, 2023 to the date of entry of this Judgment at the rate set forth within the subject loan documents, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, together with attorneys' fees and costs, if any, incurred through the date of entry of this Judgment as well as any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to inspect, repair, appraise, and/or maintain the Mortgaged Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, and with copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355.

**FIFTH:** To the extent of any surplus remaining after the payment of the foregoing sums, to all entities holding any valid lien junior in priority to the underlying mortgage, the value of those liens.

**SIXTH:** If the Referee intends to apply for a further allowance for his fees, an application shall be made to this Court therefor and the Referee shall be paid any additional amount awarded by this Court out of the surplus monies arising from the sale; and it is further;

**ORDERED, ADJUDGED AND DECREED**, that surplus monies remaining after payment of the amounts FIRST through SIXTH, if any, shall be withdrawn only on the order of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED,** that in case Plaintiff be the purchaser of said subject Mortgaged Premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST" "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of the city agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from Plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit

of this action, to be withdrawn only upon order of the Court, signed by a judge of the Court, that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser of within thirty (30) days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, the Referee or his duly appointed designee shall specify the amount of such deficiency in his Report of Sale and Plaintiff may seek to recover a deficiency judgment against Borrowers and/or defendants Edmond Li and Jennifer Li in accordance with RPAPL § 1371; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession of the Mortgaged Premises on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all person claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Mortgaged Premises to be sold in one parcel in "as is" physical order and condition, subject to:

- any state of facts that an inspection of the Mortgaged Premises would disclose;
- any state of facts that an accurate survey of the Mortgaged Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
- covenants, reservations, restrictions, declarations, easements, rights of way and public utility agreements of record, if any;
- if any, any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same;
- any rights of tenants or persons in possession of the Mortgaged Premises other than tenants, or any portion thereof;
- any violations of record;
- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;
- any equity of redemption of the United States of America to redeem the Mortgaged Premises within one hundred and twenty days (120) days from date of sale;

and it is further

**ORDERED**, that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants or occupants named in this action, and any other party entitled to notice no less than thirty (30) days prior to sale.

Date: November 23, 2026

E N T E R:

Paul A. Engelmayer

HON. PAUL A. ENGELMAYER, U.S.D.J.

**EXHIBIT "A"**

[Property Legal Description]

---

PARCEL A:

ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Prince Street distant 27 feet 11 1/4 inches (deed), 27.94 feet (actual), easterly from the corner formed by the intersection of the northerly side of Prince Street with the easterly side of Mott Street;

RUNNING THENCE northerly parallel or nearly so with the easterly side of Mott Street and part of the way through party walls, 83 feet and 11 inches (deed), 82.54 feet (actual);

THENCE easterly 26 feet 9 and 6/10 inches (deed), 24.40 feet (actual), to a point on a line distant 86 feet and 1 inch (deed), 86.08 feet (actual), northerly from the northerly side of Prince Street which line is parallel or nearly so with the easterly side of Mott Street and intersects the northerly side of Prince Street at a point 54 feet 7 1/4 inches (deed), 55.61 feet (actual), when measured in an easterly direction from the corner formed by the intersection of the northerly side of Prince Street with the easterly side of Mott Street;

THENCE southerly and along said line drawn parallel or nearly so with Mott Street and part of the way through a party wall, 86 feet 1 inch (deed), 86.08 feet (actual), to the northerly side of Prince Street;

THENCE westerly along the northerly side of Prince Street, 26 feet 9 and 6/10 inches (deed) 27.67 feet (actual), to the point or place of BEGINNING

For Information Only: Said premises are known as 29 Prince Street, New York, NY;

PARCEL B:

ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Westerly side of Thompson Street, distant 169 feet 6 inches Northerly from the intersection of said Westerly side of Thompson Street and the Northerly side of Prince Street;

RUNNING THENCE Westerly parallel with Prince Street, 100 feet;

THENCE Northerly parallel with Thompson Street, 24 feet 8 inches;

THENCE Easterly parallel with Prince Street and part of the distance through a party wall, 100 feet to the Westerly side of Thompson Street;

THENCE Southerly along the Westerly side of Thompson Street, 24 feet 8 inches to the point or place of BEGINNING

For Information Only: Said premises are known as 137 Thompson Street a/k/a 135-137 Thompson Street

PARCEL C:

ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

45685291v.5

BEGINNING at a point on the southerly side of Prince Street distant 47 feet 6 inches easterly from the corner formed by its intersection of the southerly side of Prince Street and the easterly side of Mott Street;

RUNNING THENCE southerly and parallel with the easterly side of Mott Street a distance of 114 feet 7 inches to a point;

THENCE easterly along the line forming on its northerly side an angle of 88 degrees 04 minutes 30 seconds with the last mentioned course a distance of 23 feet 1 inch to a point;

THENCE northerly along a line forming on its westerly side an angle of 91 degrees 55 minutes 30 seconds with the last mentioned course a distance of 109 feet to a point on the southerly side of Prince Street which point is distant 24 feet easterly from the point or place of beginning.

THENCE westerly along the southerly side of Prince Street a distance of 24 feet (record), 23 feet 7 inches (survey) to the point or place of BEGINNING.

Said premises are known as ~~29~~ 26 Prince Street, New York, NY

45685291v.5